IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LATIA NOAH; JUSTIN GOTTFRIED; JUSTIN GOTTFRIED, as next friend to the Estate and Statutory Beneficiaries of Sgt. Steven Eugene Reese, Deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>THE TULLOCK FAMILY TRUST; BOBBIE SUE TULLOCK; WILLIAM TULLOCK; SCOTT TULLOCK; and DOES 1-5,<br><br>     Defendants. | Civ. No. 6:25-cv-02326-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge:

Self-represented Plaintiff Justin Gotfried seeks leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and moves to proceed under pseudonym, ECF No. 5. For the reasons set forth below, the application to proceed IFP is GRANTED; the motion to proceed under pseudonym, ECF No. 5, is DENIED; and the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

Page 1 – OPINION AND ORDER

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pleadings filed by *Pro se* or self-represented plaintiffs are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a self-represented litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

I.  *Subject Matter Jurisdiction*

Plaintiff brings seven state law claims: Illegal Eviction/Ouster under ORS 90.375; Retaliation under ORS 90.385 and ORS 90.765; Habitability Violations under ORS 90.320; Negligence and Negligence Per Se; Wrongful Death under ORS 30.020; Defamation; and Intentional Infliction of Emotional Distress. Plaintiff fails to state facts that provide basis for the Court to exercise subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Id.* Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the

United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc).

Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or on its own. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

The party seeking the exercise of jurisdiction must allege sufficient facts in his complaint to establish jurisdiction. *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). "Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint[.]" *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986).

Here, Plaintiff brings state law claims and does not provide any grounds for the Court to exercise federal question or diversity of citizenship jurisdiction. However, Plaintiff may bring his state law claims in state court. Without sufficient facts to establish federal jurisdiction either on the basis of diversity or federal question, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it

Page 4 – OPINION AND ORDER

appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

II.     *Pro Se Plaintiffs Cannot Represent Others*

*Pro se* Plaintiff claims to represent Latia Noah and the Estate of Sgt. Steven Eugene Reece. First, Plaintiff provides no evidence that he has legal authority to act on behalf of Sgt. Reece's estate. Second, even if Plaintiff had legal authority to act on behalf of Sgt. Reece's estate, he may not bring a legal action on behalf of anyone other than himself because he is not a licensed attorney. For that reason, he also cannot represent Ms. Noah.

"Although a non-attorney may appear [on] his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (internal quotation marks omitted) (first citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966), then citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)). "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664–65 (9th Cir. 2008); *see also Pope,* 818 F.2d at 697–98 (Trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted); *Iannaccone v. Law,* 142 F.3d 553, 559 (2nd Cir.1998) (administrator of estate may not appear *pro se* on behalf of estate).

Page 5 – OPINION AND ORDER

III.  *Request to Proceed Under Pseudonym*

Plaintiff moves to proceed under pseudonym, ECF No. 5, "for his family's safety and privacy[]" but does not explain how his family is implicated in this matter and offers no explanation to support his motion.

To determine whether to permit a litigant to proceed under a pseudonym, "[a] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, *see Stegall,* 653 F.2d at 186; *Gomez v. Buckeye Sugars,* 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," *James,* 6 F.3d at 238; *see also Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a [gay individual]); *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Stegall,* 653 F.2d at 185; *see also Doe v. Commonwealth's Attorney for City of Richmond,* 403 F. Supp. 1199 (E.D. Va. 1975), *judgment aff'd. by* 425 U.S. 985 (1976).

Page 6 – OPINION AND ORDER

Here, Plaintiff fails to show how his family's privacy and safety is implicated in this action and provides no facts to determine whether his request for anonymity meet any of the three criteria. For this reason, the Court denies Plaintiff's request to proceed under pseudonym.

In sum, Plaintiff's Complaint fails to show a basis for the Court to exercise subject matter jurisdiction and fails to state a claim because self-represented Plaintiff cannot represent either Ms. Noah or the estate of Sgt. Reese. The Court grants leave to amend even though it is unlikely that Plaintiff can cure these deficiencies.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED; Plaintiffs Motion to Proceed under Pseudonym, ECF No. 5, is DENIED; and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___23rd___ day of January 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge